**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EDDIE L. LUCKETT,        :    CIVIL NO. **1:05-CV-1592**
                        :
         Petitioner    :    (Judge Rambo)
                        :
        v.             :    (Magistrate Judge Smyser)
                        :
LOUIS FOLINO, Superintendent  :
SCI Greene; and             :
ATTORNEY GENERAL OF THE    :
STATE OF PENNSYLVANIA,     :
                        :
         Respondents   :

**REPORT AND RECOMMENDATION**

The petitioner, Eddie L. Luckett, was convicted in the Court of Common Pleas of Lackawanna County on November 18, 1998 of first degree murder, robbery, burglary, conspiracy to commit murder, conspiracy to commit robbery, conspiracy to commit burglary, and conspiracy to commit causing or risking a catastrophe. *Doc. 24 at ¶4.* On January 22, 1999, the petitioner was sentenced to a term of life imprisonment and lesser consecutive sentences. *Id. at ¶5.*

The petitioner appealed his conviction and sentence, and on November 13, 2000, the Superior Court of Pennsylvania affirmed

the judgment of sentence. *Id. at ¶¶6&7.*  On December 5, 2001, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal. *Id. at ¶8.*

On December 14, 2001, the petitioner filed in the Court of Common Pleas of Lackawanna County a petition collaterally challenging his conviction under Pennsylvania's Post Conviction Relief Act (PCRA). *Id. at ¶9.*  The PCRA court appointed counsel to represent the petitioner, and a hearing on the PCRA petition was held on August 8, 2003. *Id. at ¶¶10 & 11.*

On February 18, 2005, the PCRA court appointed new counsel to represent the petitioner. *Id. at ¶12.*  On August 19, 2005, the petitioner's new PCRA counsel moved for leave to amend the PCRA petition to add additional claims. *Id. at ¶13.*  On August 31, 2005, the PCRA court granted that motion. *Id.*  In October of 2005, a hearing was held on the petitioner's amended PCRA petition. *Id. at ¶14.*  A brief supporting the amended PCRA petition was subsequently filed by the petitioner's PCRA counsel. *Id. at ¶15.*

In December of 2005, the judge who had been presiding over
the petitioner's PCRA case retired and the petitioner's PCRA
petition was assigned to a different judge. *Id. at* ¶16.   The
petitioner's PCRA petition in still pending in the Court of
Common Pleas of Lackawanna County. *Id.*

On August 8, 2005, the petitioner, proceeding *pro se*, filed
a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254 in this court.   On August 26, 2005, the petitioner filed
an amended petition.

By an Order dated October 26, 2005, counsel was appointed
to represent the petitioner.   The Order of October 26, 2005 also
ordered the petitioner to file a second amended petition on or
before November 21, 2005 and ordered the respondents to file a
response to the second amended petition with appropriate records
within twenty days after the second amended petition has been
filed.

After requesting and receiving several extensions of time,
the petitioner filed a second amended petition on February 13,
2006.   The respondents, however, did not file a response to the

3

second amended petition as ordered by the Order of October 26, 2005.  By an Order dated March 17, 2006 the respondents were ordered to show cause, on or before April 3, 2006, why a default judgment should not be entered in favor of the petitioner on the basis that they had not responded to the second amended petition.

On March 28, 2006, the respondents filed an answer to the second amended petition, a separate response to the Order to show cause and a motion for leave to file their response out of time.  By an Order dated March 31, 2006, the respondents' motion to file their response out of time was granted and their answer filed on March 28, 2006 was deemed timely.

The respondents contend that the petition in this case is a second or successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(b).

28 U.S.C. § 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

4

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

> (4) A district court shall dismiss any claim
> presented in a second or successive application that
> the court of appeals has authorized to be filed unless
> the applicant shows that the claim satisfies the
> requirements of this section.

On September 18, 2001, the petitioner filed a prior petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was subsequently denied as untimely. *See Luckett v. Blaine,* 3:01-CV-01794 (M.D.Pa.). In that case, the petitioner was challenging a 1993 conviction he received in the Court of Common Pleas of Lackawanna County for possession and delivery of a controlled substance. *Id.* In the instant case, however, the petitioner is challenging his 1998 conviction for murder. Since the petition in this case challenges a different conviction and sentence than that challenged in the petitioner's prior habeas case, the instant petition is not a second or successive petition pursuant to 28 U.S.C. § 2244(b). *See Beyer v. Litscher*, 306 F.3d 504, 507-508 (7th Cir. 2002)(holding that challenges to distinct judgments are not one claim for purposes of § 2244(b) and that a prisoner is entitled to one free-standing collateral attack per judgment rather than one attack per stretch of imprisonment). Accordingly, there is no basis to dismiss the instant petition pursuant to 28 U.S.C. § 2244(b).

6

The respondents also contend that the petition is time barred.

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A state court criminal judgment is final at the conclusion of review in the United States Supreme Court or when the time

7

for seeking certiorari review expires. *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999).  Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, a petition for a writ of certiorari must be filed within 90 days after entry of the judgment sought to be reviewed.  In this case, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal on December 5, 2001.  There is no evidence in this case that the petitioner filed a petition for certiorari.  Thus, the petitioner's conviction in this case became final on March 5, 2002, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Pursuant to § 2244(d)(1)(A), the statute of limitations did not begin to run until March 5, 2002.  However, the statute of limitations is tolled during the time that a properly filed application for collateral review is pending in the state court. The petitioner filed his PCRA petition on December 14, 2001 and that petition has been pending since that date.  Accordingly, the one-year statute of limitations has not even started to run yet.  The petition is not untimely.

The respondents contend that the petitioner has not exhausted state remedies.

8

A state prisoner generally must exhaust available state judicial remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).  The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").  "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).  In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To have

9

been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts.  *O'Halloran*, *supra,* 835 F.2d at 508.  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

The petitioner did not present the claims that he is raising in this case in his direct appeal.  He has, however, raised the claims that he is raising in this case in his PCRA petition which is still pending in state court.  Since the petitioner's PCRA petition is still pending in state court, it is clear that the petitioner has not exhausted state remedies and the petitioner does not argue that he has exhausted state remedies.  Rather, the petitioner contends that the exhaustion requirement should be excused in this case due to inordinate delay in the state court.

Exhaustion of state remedies may be excused in certain situations.  28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment
> of a State court shall not be granted unless it
> appears that -
>     (A) the applicant has exhausted the remedies
> available in the courts of the State; or
>     (B)(i) there is an absence of available State
> corrective process; or
>     (ii) circumstances exist that render such process
> ineffective to protect the right of the applicant.

The principal reason for excusing exhaustion is inordinate delay rendering the state remedy effectively unavailable. *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995). "In such circumstances, the comity and record-creation concerns of the exhaustion rule yield to the federal courts' obligation to serve as a forum for the protection of the petitioner's fundamental federal rights." *Id.* "The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required." *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).

In the instant case, the petitioner's PCRA petition has been pending since December 14, 2001. That is an inordinately long time for a PCRA petition to be pending. Nevertheless, it

does appear that the PCRA case has been moving forward.  The
petitioner was granted leave to amend his petition to add
additional claims and a hearing on the amended petition was held
in October of 2005.  The petitioner indicated that after the
hearing he filed a brief supporting his amended PCRA petition.
*Doc. 24 at ¶15.*  It is not clear on what date that brief was
filed or if any further briefing in the PCRA court has occurred
or is required.  Since the PCRA case does appear to be moving
forward, we conclude that, at this time, exhaustion of state
remedies should not be excused based on inordinate delay in the
state court.

    The petitioner requests that, if this court concludes that
exhaustion is not excused by the delay in the state court, this
court should administratively close this case and hold the case
in abeyance until the termination of the state court proceedings
or, in the alternative, should dismiss this case without
prejudice so that he may refile the petition upon termination of
the state court proceedings.  There does not appear to be any
reason to stay the case rather than dismiss the case without
prejudice.  Since the one-year statute of limitations in 28
U.S.C. § 2244(d) has not even started to run, the statute of

limitations is not a reason to stay the case rather than dismiss it without prejudice.  Also, unlike in cases of short sentences, since the petitioner is serving a life sentence there is no real possibility that the petitioner would not meet the "in custody" requirement for bringing a later § 2254 habeas petition.

     We will recommend that the petition be dismissed without prejudice based on the failure to exhaust state remedies.

     Based on the foregoing, it is recommended that the petition be dismissed without prejudice based on the petitioner's failure to exhaust state remedies and that the case file be closed.


                              **/s/ J. Andrew Smyser**
                              J. Andrew Smyser
                              Magistrate Judge

Dated:  May 19, 2006.


13